UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICO M. GROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-cv-00038 |
| ) | Judge Trauger |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

# M E M O R A N D U M

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket Nos. 1, 8). The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee.

## I.  Introduction

According to the petition, on May 6, 2004, Rico M. Gross entered a plea of guilty to one count of second degree murder in Davidson County Criminal Court, Nashville, Tennessee, and was sentenced to serve twenty (20) years imprisonment. (Docket No. 8 at p. 1).

The petitioner did not file a direct appeal. The petitioner sought state post-conviction relief, which was denied on September 9, 2006, and the denial of post-conviction relief was affirmed by the Tennessee Court of Criminal Appeals on November 1, 2007. (*Id.* at p. 6 of 22).

The petitioner's federal *habeas corpus* petition was filed on January 1, 2012, in the United States District Court for the Middle District of Tennessee. (Docket No. 1). Because the petition lacked critical information, the court ordered the petitioner to complete a blank "Petition for Relief From a Conviction of Sentence By a Person in State Custody" and return it to the court so that the

court could move this case forward. (Docket No. 2). The petitioner submitted the requested form on February 29, 2012. (Docket No. 8).

## II. Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

2

**III.    Preliminary Review of Petition**

In this case, the court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals a potential deficiency with the petitioner's § 2254 petition: untimeliness.

The record before the court shows that the date on which the petitioner's judgment became final by conclusion of direct review was June 7, 2004,[1] the conclusion of the thirty (30) day period within which the petitioner had to file a direct appeal under Tennessee law.  *See* Tenn. R. App. P. 4(a).  The petitioner sought state post-conviction relief.  However, the petition does not state on what date the petitioner filed his petition for state post-conviction relief.  The court has been unable to locate the specific date by way of independent research.  The court can surmise only that the petition was filed after May 6, 2004 and before September 9, 2006.  *Rico M. Gross v. State of Tennessee*, No. M2006-02266-CCA-R3-PC, 2007 WL 3274707 (Tenn. Crim. App. Nov. 1, 2007).

Even after requesting additional information from the petitioner, the court is unable to determine whether the instant petition is timely from the record before the court.  Because the petitioner sought state post-conviction relief, the AEDPA's one-year limitations period likely was tolled by "a properly filed application for State post-conviction or other collateral review."  However, even if the one-year limitations period was tolled, a significant amount of time has lapsed since the Tennessee Court of Criminal Appeals affirmed the post-conviction court's denial of relief in 2007 and the Tennessee Supreme Court refused to hear the petitioner's appeal on February 25, 2008. It appears likely that the instant petition was filed beyond the governing statute of limitations.

---

[1] *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, May 6, 2004, is excluded) and *Fed. R. Civ. P.* 6(a)(1)(c)(exception applies that, if the last day of time period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday; here, June 5, 2004, was a Saturday and June 6, 2004, was a Sunday).

The court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for federal *habeas corpus* relief. *See Day v. McDounough*, 547 U.S. 198, 209 (2006). Acknowledging that the petitioner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed as time-barred.

**IV.     Conclusion**

After conducting a preliminary review of the Petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed as untimely. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed as untimely filed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge